UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERENA FREEMAN, | No. 2:13-cv-1641-LKK-KJN |
| Plaintiff, | |
| v. | ORDER |
| Y'S FRIES, INC., | |
| Defendant. | |

Presently pending before the court is plaintiff's motion to compel certain discovery responses, which is noticed for hearing on July 3, 2014.  (ECF Nos. 18, 20.)[1]  After plaintiff filed the motion on June 5, 2014, accompanied by a memorandum of points and authorities, the court issued the following order on June 10, 2014:

> Plaintiff's motion fails to comply with the requirements of Local Rule 251, which specifically governs motions dealing with discovery matters.  Plaintiff's counsel is directed to familiarize himself with Local Rule 251, and to meet and confer with defendant's counsel in accordance with Local Rule 251(b).  If the parties are unable to resolve their entire discovery dispute informally, they shall file a joint statement regarding their discovery disagreement (as narrowed by meet and confer

---

[1] The amended notice of motion listed the hearing date as July 3, 2014 in the caption, but stated that the hearing date was July 7, 2014 in the body of the notice. (ECF No. 20.) Because July 7, 2014 is not an available motion hearing date, the court's subsequent June 10, 2014 order clarified that the hearing was set for July 3, 2014. (ECF No. 23.) No party raised any objection to the July 3, 2014 hearing date.

> discussions) in accordance with Local Rule 251(c) no later than seven (7) days prior to the noticed hearing. The joint statement shall comply with all the specific requirements of Local Rule 251(c). The court will only consider arguments raised in the parties' joint statement, and plaintiff's presently-filed memorandum of points and authorities will be disregarded.
>
> Failure to file a joint statement in compliance with Local Rule 251 by the required deadline will result in the July 3, 2014 hearing being vacated, a summary denial of the motion to compel, and the potential imposition of sanctions.
>
> If the parties desire additional time to informally meet and confer regarding their discovery dispute, the parties may file a stipulation for continuance of the hearing for the court's consideration. The parties shall also promptly notify the court if they have resolved their discovery dispute by filing a notice of withdrawal of the motion.

(ECF No. 23.)

Although the June 26, 2014 deadline to file a joint statement regarding the discovery disagreement has passed, the parties failed to file such a joint statement. As such, the court summarily denies plaintiff's motion for failure to comply with Local Rule 251 and the court's June 10, 2014 order.

To her credit, defendant's counsel, Kara Keiser, unilaterally filed a statement regarding the discovery disagreement on June 26, 2014. (ECF No. 25.) That statement and accompanying declaration, with attached e-mail correspondence, represent that plaintiff's counsel, Darryl Parker, failed to respond to Ms. Keister's efforts to prepare a joint statement as well as several other meet-and-confer communications involving the subject matter of the motion. (ECF Nos. 25, 25-1, 25-2.) According to Ms. Keister, defendant has already produced at least some of the documents at issue in this motion and is prepared to produce certain other documents once plaintiff's counsel signs a stipulation for a protective order that was sent to him back in May 2014. (Id.) Defendant contends that plaintiff has essentially abandoned the motion and requests that it be summarily denied. As noted above, the court grants that request.

The court further observes that any future dilatory conduct, as well as failure to comply with Local Rules and court orders, will result in the imposition of monetary and/or other appropriate sanctions. The fact that Mr. Parker may be in trial until June 27, 2014, as Ms. Keister

2

was apparently informed on June 26, 2014, the date that the joint statement was due, is no excuse for failure to comply with counsel's obligations in this case. Notably, the motion to compel was noticed for hearing on a date chosen by plaintiff's counsel. Moreover, the court's June 10, 2014 order specifically provided that the parties may stipulate to continue the hearing if necessary, and the court has no reason to believe that Ms. Keister would not have stipulated to a reasonable continuance in light of Mr. Parker's involvement in trial or any changed circumstances in that regard. However, it appears that Mr. Parker never requested a stipulation to such a continuance from Ms. Keister, but instead simply ignored the deadlines and communications from Ms. Keister.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 3, 2014 hearing is vacated.
2. Plaintiff's motion to compel (ECF No. 18, 20) is summarily denied for failure to comply with Local Rule 251 and the court's June 10, 2014 order.
3. Plaintiff's counsel is cautioned that any future failure to promptly and diligently meet and confer in good faith, failure to comply with the Local Rules, and failure to comply with court orders will result in the imposition of monetary or any other appropriate sanctions.

IT IS SO ORDERED.

Dated: June 27, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE